IN RICHMOND SUPERIOR COURT, JULY, 1832.

HENRY CASNARD *vs.* JOSEPH C. EVE, GEORGE M. RINGLAND and ANGUS MARTIN.

## *Assumpsit.*

Neither the judiciary act of 1799, nor any act amendatory thereof, the common law, nor the English Statute of *Jeofails,* will authorize the courts to permit a change of parties, and the introduction of a new cause of action, by way of amendmendment in the pleading.

THIS is a motion to amend, and the case is this. The plaintiff brought his action against these defendants jointly, according to the provision of the act of 1826, "to define the liability of indorsers of promissory notes, and other instruments, and to place them upon the same footing with securities" averring the two first partners, trading under the name of Joseph C. Eve & Co., to be the makers and the last to be indorser of a certain note, to recover the amount of which, suit was brought. It turned out upon proof that Eve was no way liable, and that the note was in fact the individual note of Ringland, made by him on his own account, though using the name of Joseph C. Eve & Co. without any authority, and that this was known to the plaintiff at the time the note was

RICHMOND,
July, 1832.

CASNARD
v.
EVE and
Others.

made ; that it was made for plaintiff's benefit, the transaction being between him and Ringland, and the name of Martin indorsed as security. The contract averred in the declaration, and that proven, being thus entirely variant, the plaintiff sought to avoid the difficulty by entering a *nolle prosequi* as to Eve ; which he moved to do, with leave to proceed against the others. This was refused by the court upon the rule laid down in 1 Chitty on Pleading, p. 34. See also 7 T. R. 352. 1 East, 52. Bul. N. P. 129. 1 H. Bla. 37. 1 Phil. Ev. 168, and cases there cited. He then submitted to a verdict against himself, appealed and now moves to amend his declaration by striking out the name of Ringland and setting forth the contract truly.

Our courts have gone great lengths in allowing amendments both as to substance and to form, for the attainment of justice and avoiding expense, and vexatious delay ; but never so far, it is believed, as to allow an amendment, which not only changes the cause of action, but also the parties. Such a proceeding would find no sanction in the common law, nor in the English statute of *Jeofails ;* and if warranted at all, it must be under the acts of our own legislature.

The amendments allowed by the judicial act of 1799, are only as to matters of form, "and no petition, answer, return, process, judgment or other proceeding in any civil cause shall be abated, arrested, quashed or reversed, for any defect in matter of form, or for any clerical mistake or omission not affecting the real merits of the cause, &c." The act of 1818, to explain and enforce that of 1799, gives greater power to the courts of so moulding the proceedings as to attain the justice of every cause. The first section provides " that in every case where there is a good and legal cause of action, every other objection shall be on motion amended without delay or additional costs." And in the second section that " no nonsuit shall be awarded when the cause of action is substantially set forth in the declaration, for any formal variance between the allegation and the proof." But neither of these provisions authorizes a change of parties by way of amendment. The first requires a good and legal cause of action to be plainly and distinctly set forth, and allows every other objection to be amended on motion. A cause of action to be good and legal must be such upon which the court (proper proof being made) may render its judgment. If no such cause be set forth in the declaration, the court finds here no authority for allowing an amendment to introduce one ; much less an amendment which shall introduce a different cause of action between different parties in substitution for a cause of action which cannot be sustained by proof.

The second section cannot affect this question, as it relates only to formal variances between the allegation and the proof, and the variance here is substantial. Unless, therefore, the

RICHMOND,
July, 1832.

CASNARD
*v.*
EVE and
Others.

court would undertake to form a new law on this subject, which is not within its province, the amendment cannot be allowed.

The motion is denied.

A. J. MILLER, for plaintiff.
R. R. REID, for Eve.
CUMMING and CRAWFORD and I. P. KING, for Martin.